IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-10116 -01, -02 - WEB |
| | ) | |
| MINH DUC VO, and | ) | |
| THANH N. BUI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

This matter is before the court on the defendants' motion to dismiss the First Superseding Indictment.  The Government has filed a response.  After reviewing the briefs submitted by the parties the court concludes that the motion should be denied.

I. *Background*.

A one-count Indictment filed May 31, 2006, charged defendants Minh Vo and Thanh Bui with knowingly and intentionally possessing with intent to distribute "approximately...700 grams of 3,4-Methylenedioxymethamphetamine/MDMA, also known as 'Ecstacy', a Schedule I Hallucinogenic controlled substance" in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and 18 U.S.C. § 2.  Doc. 1.  The date of the alleged offense was May 13, 2006.  Pursuant to § 841(b)(1)(C), such an offense carries no mandatory minimum sentence and a maximum possible sentence of 20 years' imprisonment.

After the defendants filed a motion to suppress evidence, the court held an evidentiary hearing, during which the Government presented evidence showing that a Kansas Highway Patrol Trooper had engaged in a search of a vehicle in the defendants' possession.  During the search, the

Trooper found bags of pills containing what he believed to be ecstacy.  On October 4, 2006, the court denied the motion to suppress, finding that the search of the vehicle was reasonable under the Fourth Amendment.

Also on October 4, 2006, the Government filed a First Superseding Indictment charging that on May 13, 2006, the defendants knowingly and intentionally possessed with intent to distribute "approximately 659 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance" in violation of 21 U.S.C. § 841(a) and (b)(1)(B), and 18 U.S.C. § 2.  Doc. 27.  Due to this change in the controlled substance named in the indictment (from MDMA to methamphetamine), the offense carries a statutory minimum imprisonment sentence of 10 years and a maximum possible sentence of life imprisonment.

II. *Motion to Dismiss*.

Defendants contend the Government has changed the indictment based on the fact that MDMA (methylenedioxymethamphetamine) necessarily contains methamphetamine as a component part.  They argue this is "overreaching" because the law treats MDMA and methamphetamine as distinct controlled substances with different penalties.  They point out that MDMA is classified by regulation as a Schedule I hallucinogen, while methamphetamine is classified as a Schedule II stimulant.  *See* 21 CFR §§ 1308.11 and 1308.12.  The U.S. Sentencing Guidelines likewise draw a distinction between the two substances.  *See* USSG § 2D1.1, App. Note 10 (Drug Equivalency Tables).  They argue it is improper for the Government to charge possession of methamphetamine when the pills in question were "clearly MDMA/ecstacy" and the methamphetamine therein could not be separated out or sold as such.  Doc. 34 at 4.  They also say it is hardly surprising that some methamphetamine "will find [its] way into the production process" when MDMA is manufactured,

2

and they argue "[t]he tablet form is how MDMA/ecstacy is 'marketed' for sale on the street, and under a 'market-oriented' approach, it clearly is the drug that should be charged." *Id*. Citing the canon of statutory construction that a specific provision controls over a general one, defendants argue that possession of MDMA cannot be treated or punished as possession of methamphetamine because Congress intended otherwise.

In response, the Government says the change in the indictment was because of a lab report showing that the substance contained "not only MDMA but also a fairly significant amount of methamphetamine.   In fact, each 76-milligram tablet had been determined to contain eleven milligrams of methamphetamine."  Doc. 35 at 2.  According to the Government, the report shows the substance was 658.8 grams of a mixture containing a detectable amount of methamphetamine, with the actual amount of methamphetamine being 21.9 grams.  *Id*.  The Government contends the defendants have erroneously assumed that the substance contained only MDMA.  Also, insofar as the defendants are suggesting that a detectable amount of methamphetamine is always present in any sample of MDMA, the Government argues that too is an erroneous assumption -- which the Government says it can refute through testimony showing that methamphetamine is found in only a fraction of the MDMA samples tested by the DEA.  Accordingly, the Government says "it is not improper for the government to elect to charge the trafficking of methamphetamine in that fraction of MDMA cases where methamphetamine has been determined to be present."  *Id*. at 6.  Moreover, the Government contends the defendants' statutory construction argument does not apply because there is only one statutory provision involved -- § 841(a) -- and "[t]he type of controlled substance involved is not mentioned in § 841(a), and it therefore is not an element of the offense."  Doc. 35

at 7.[1]  Also, the Government points out that the defendants are charged under the more specific

provision of § 841 pertaining to methamphetamine, so defendants' argument that a specific statute

controls over a general one has no bearing.  Lastly,  insofar as the defendants may be arguing they

can only be charged with possessing the type of drug they *thought* they were possessing, the

Government notes that such an argument is foreclosed by Tenth Circuit cases like *United States v.*

*Briseno*, 163 Fed.Appx. 658 (10th Cir. 2006).

    III.  *Discussion*.

    Defendants do not claim the First Superseding Indictment is invalid on its face or that it fails

to charge an offense.  Although not phrased as such, they are essentially arguing that the

Government's evidence at trial will be insufficient to support the charged offense.  The court's

authority to grant a pre-trial motion claiming insufficiency of evidence, however,  is strictly limited.

"An indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is

enough to call for trial of the charge on the merits."  *Costello v. United States*, 305 U.S. 359, 363

(1956).  *See also* Fed.R.Crim.P. 12(b)(2) (objection may be raised by pretrial motion if it can be

determined without a trial of the general issue).  There may be rare instances where a pretrial ruling

on the sufficiency of the evidence is appropriate, but such circumstances are not present here.  *See*

---

[1] *Cf. United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000) ("The quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B)"); *United States v. Walters*, 163 Fed.Appx. 67, (10th Cir., Jan. 18, 2006) ("The corollary of this statement is that the quantity of drugs involved in a violation of § 841 is not an essential element of the offense if a district court imposes a sentence that does not exceed the maximum set forth in § 841(b)(1)(C)...."). *See also United States v. Briseno*, 163 Fed.Appx. 658, 2006 WL 122448 (10th Cir., Jan. 18, 2006) ("[K]nowledge [of the exact nature of a controlled substance] is not an element of the sentencing enhancements set out in § 841(b).  Instead, the only elements of the enhanced crimes set out in § 841(b) are the type and quantity of the drug possessed.").

4

*United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994) (court may have authority to make such a ruling where the operative facts are undisputed and the government does not object).  The First Superseding Indictment alleges that the defendants knowingly possessed a mixture or substance containing a detectable amount of methamphetamine.   Notwithstanding defendants' claim that the Government is "charging ecstacy as methamphetamine," the Government says the evidence will show that the mixture in question contained "not only MDMA but also a fairly significant amount of methamphetamine."  Whether or not the Government can produce evidence to support the charge is a matter to be determined at trial.  *See United States v. Salman*, 378 F.3d 1266, 1269 (11th Cir. 2004) (a Rule 29 motion at the close of the government's evidence is the proper avenue for contesting the sufficiency of the evidence).  *Cf.  United States v. Briseno*, 163 Fed.Appx. 658, 2006 WL 122448 (10th Cir., Jan. 18, 2006);  *United States v. Lennon*, 155 Fed.Appx. 383, 388, n. 11, 2005 WL 2767173 (10th Cir., Oct. 26, 2005) (discussing essential elements of offense under § 841(a)).

The district courts do retain supervisory authority to dismiss an indictment in instances of egregious governmental misconduct, but no such misconduct has been alleged or shown here.  *See e.g., United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1349 (5th Cir.1994).  The instant motion involves a dispute about what the evidence will show and how it will apply to the essential elements of the offense.  The court has no authority to dismiss the indictment in such circumstances.

The court notes defendant Bui has filed a Notice of Intent to Rely on Expert Testimony in which he requests an order directing the Government to provide copies of its chemist's data ("bench notes and mass spectra") relating to the determination that the tablets contain methamphetamine. The Government has filed no objection to the request.  Insofar as the defendant is requesting to see

the results or reports of scientific tests and/or physical examinations by the Government's chemist, the request will be granted. *See* Fed.R.Crim.P. 16(a)(1)(F) (the defendant is entitled to inspect and copy the results of scientific tests within the control of the Government).

    IV.  *Conclusion*.

    The defendants' Motion to Dismiss the First Superseding Indictment (Doc. 34) is DENIED. Defendant Bui's request for an order directing the Government to make available the results or reports of any scientific tests in the Government's control relating to the chemical composition of the alleged methamphetamine mixture (Doc. 37) is GRANTED.  Defendant Vo's Motion to Join in that same request (Doc. 39) is GRANTED.  If it has not done so already, the Government shall forthwith make available to the defense for examination and copying the results and reports of any scientific tests conducted upon the alleged methamphetamine mixture.

    IT IS SO ORDERED this   4th   Day of January, 2007, at Wichita, Ks.

                                    s/Wesley E. Brown

                                    Wesley E. Brown
                                    U.S. Senior District Judge