IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|         Plaintiff,           ) | |
|                              ) | |
| v.                           ) | No.  06-10116-01-WEB |
|                              ) | |
| MIHN DUC VO,                 ) | |
|                              ) | |
|         Defendant.           ) | |
|                              ) | |

**Memorandum and Order**

This matter came before the court on January 27, 2007, for a hearing on defendant Mihn Vo's Motion to Dismiss the Superseding Indictment for Prosecutorial Vindictiveness.[1] The court orally denied the motion at the conclusion of the hearing. This written memorandum will supplement the court's oral ruling.

I.  *Summary of Motion*.

The defendant Mihn Vo and his co-defendant were indicted on May 31, 2006, on a charge of unlawful possession with intent to distribute approximately 700 grams of 3,4-Methylenedioxymethamphetamine/MDMA, also known as "Ecstacy."  Doc. 1.  On September 1, 2006, defendant Vo filed a motion to suppress evidence.  Doc. 19.  The court held a hearing on the motion to suppress on September 26, 2006, and took it under advisement.  On October 4, 2006, the court issued an order denying the motion.  Also on October 4, 2006, the Government filed a Superseding Indictment changing the substance allegedly possessed from Ecstacy to approximately

---

[1] Defendant Vo waived his right to personally appear at the hearing. Doc. 44. Additionally, the defense agreed that the Government's witnesses at the hearing, Assistant U.S. Attorney Anthony Mattivi, could testify via telephone.

659 grams of a mixture containing methamphetamine. The resulting charge carries a potentially heavier penalty, including a statutory 10-year mandatory minimum sentence of imprisonment.

Defendant Vo contends the prosecutor's action was vindictive and was undertaken to punish the defendant for pursuing a motion to suppress. He alleges that the prosecutor, Assistant U.S. Attorney Anthony Mattivi, was aware by at least July 17, 2006, that a laboratory report showed the substance in question contained both MDMA and methamphetamine, but he did not seek a superseding indictment until October of 2006. Moreover, he alleges that the prosecutor never advised counsel in plea negotiations that a superseding indictment would be filed if the defendant did not plead guilty.

In response to the motion, the Government presented the testimony of Mr. Mattivi to explain his decision to seek a superseding indictment. In essence, Mr. Mattivi denied any motive of vindictiveness and stated that he changed the substance based on his belief that the case had been incorrectly charged in the first instance by another prosecutor. His testimony indicated that although he had had possession of the lab report since at least July of 2006, he did not notice the significant quantity of methamphetamine shown by the report until he reviewed the evidence while preparing a response to the motion to suppress. He subsequently presented a superseding indictment to the grand jury.

II. *Discussion*.

To establish a claim of prosecutorial vindictiveness, a defendant has the burden of proof and must establish either: 1) actual vindictiveness or 2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. *United States v. Wall*, 37 F.3d 1443 (10th Cir. 1994). If the defendant meets his burden, the prosecution must justify its decision with legitimate, objective reasons for its action. If defendant does not meet his burden, the court need not reach the issue of

the Government's justification. *United States v. Raymer*, 941 F.2d 1031 (10th Cir. 1991).

The Court finds the defendant has failed to meet his burden. The Supreme Court has generally rejected a presumption of vindictiveness in the pretrial context. In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Court found that a prosecutor's offer to a defendant to plead guilty or to face more serious charges was not improper, stating that "so long as the prosecutor has probable cause to believe the accused has committed an offense defined by statute, the decision whether or not to prosecute, and what charge to bring before a grand jury, generally rests entirely within his discretion." *Id*. at 364. In *United States v. Goodwin*, 457 U.S. 368 (1982), the Court observed that a prosecutor preparing for trial may uncover additional information or he "simply may come to realize that information possessed by the State has a broader significance." *Id*. at 381. The Court also noted that defense attorneys routinely file motions to suppress evidence and other pretrial motions, and that such motions constitute a burden on prosecutors, but "it is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter." *Id*. The Court said the timing of the prosecutor's decision to file more serious charges in Goodwin did not warrant a presumption of vindictiveness, and it reiterated the prosecution's broad discretion in the pretrial charging decision, stating:

> A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial charging decision should not freeze future conduct. As we made clear in Bordenkircher, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution.

Defendant attempts to distinguish these cases, but the court finds no evidence of actual vindictiveness and no presumption of vindictiveness from Mr. Mattivi's decision to seek a Superseding Indictment based upon his review of the lab report. *Cf. United States v. Vallo*, 238 F.3d 1242, 1249 (10th Cir. 2001). Nor does any such inference arise from the preliminary plea

negotiations engaged in by the parties prior to the filing of the Superseding Indictment. The prosecutor's explanation that he realized the significance of the report upon reviewing it while preparing for an upcoming motion, and his conclusion at that point that the case was improperly charged, are entirely plausible and proper under the Supreme Court's view of prosecutorial discretion.

III.  *Conclusion*.

Defendant Vo's Motion Indictment for Prosecutorial Vindictiveness (Doc. 41) is DENIED.

IT IS SO ORDERED this  29th   Day of January, 2007, at Wichita, Ks.

                                               s/Wesley E. Brown
                                               Wesley E. Brown
                                               U.S. Senior District Judge